## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STIRLING MICHAEL HEATON,<br><br>Defendant. | Criminal No. 12-26(11) (JRT/JSM)<br><br>**MEMORANDUM OPINION<br>AND ORDER GRANTING MOTION<br>TO REDUCE SENTENCE** |

Michael L. Cheever, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Stirling Michael Heaton, Reg. No. 16286-041, Phoenix Federal Correctional Institution, 37910 North 45th Avenue, Phoenix, AZ 85086, *pro se* defendant.

Defendant Stirling Michael Heaton was originally sentenced to a term of imprisonment of 115 months pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C) entered into by the parties and accepted by the Court. Heaton now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the U.S. Sentencing Guidelines Manual ("the Guidelines"), which retroactively lowers his advisory Guidelines range from 130-162 months to 110-137 months, before factoring in an 18-month adjustment for an undischarged state term under § 5G1.3(b)(1) of the Guidelines. For the reasons discussed below, the Court will grant Heaton's motion and reduce his sentence to 98 months.

## BACKGROUND

In 2012, Heaton was indicted for charges of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d), in connection with his membership in the "Native Mob" gang. (Indictment ¶¶ 3, 14, 22(v)-(x), Jan. 19, 2012, Docket No. 18.) On March 30, 2013, the parties attempted to enter a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), binding the Court to sentence Heaton to 124 months' imprisonment, premised on a total offense level of 27, with credit for time served in state custody. (Tr. of Sentencing Hr'g at 8-11, 15, June 8, 2016, Docket No. 1620.) The Court refused to accept the plea agreement, finding that the plea agreement improperly applied the Guidelines because Heaton in fact had a "total offense level of 28." (*Id.* at 6, 14-15.) The Court then determined the proper sentence for Heaton based on his Guidelines range: the Court "start[ed] at the bottom of the guideline range" with 130 months, then increased the sentence by 6 months for a "witness tampering issue," then reduced by 18 months to credit Heaton for the time served on an undischarged state sentence under § 5G1.3(b)(1), and finally imposed a 3-month downward variance for good time Heaton would not receive on the state term. (*Id.* at 14-15.) Based on these calculations, the Court found 115 months to be the "fair and reasonable sentence" and directed the parties change the plea agreement to 115 months or to "withdraw [the plea] and go to trial." (*Id.* at 15.)

Following a recess, the parties presented an edited Rule 11(c)(1)(C) agreement, which the government said, "corrected [the Guidelines] computations throughout" the agreement. (*Id* at 16.) As part of the process of accepting the agreement, Heaton affirmed that he understood the total offense level in the plea agreement increased from

27 to 28, and the change resulted in a Guidelines range of 130 to 162 months, without the § 5G1.3 adjustment. (*Id.* at 18.) Thereafter, the Court accepted the plea agreement and imposed a sentence of 115 months after an adjustment for Heaton's related, undischarged state term pursuant to § 5G1.3. (*Id.* at 21; *see also* Final Approved Plea Agreement at 8 n.1, May 30, 2013, Docket No. 1236 (discussing Heaton's adjustment under § 5G1.3).)

18 U.S.C. § 3582(c)(2) provides that a criminal sentence may be retroactively reduced "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In 2014, the Sentencing Commission approved Amendment 782 to the Guidelines. U.S.S.G. Suppl. to App. C, Amend. 782 (U.S. Sentencing Comm'n 2014). The amended Guidelines retroactively reduced the base offense level for Heaton's drug quantity from 26 to 24 and reduced his total offense level from 28 to 26.[1] On October 17, 2016, Heaton filed a motion to reduce his term of imprisonment based on Amendment 782 and 18 U.S.C. § 3582(c)(2).

## DISCUSSION

### I. ELIGIBILITY UNDER 18 U.S.C. § 3582(C)(2)

Fed. R. Crim. P. 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case." If the Court accepts that plea agreement, the agreed upon

---

[1] Heaton's base offense level was calculated using the guideline for trafficking 100KG but less than 400KG of marijuana equivalent, (*see* Presentence Investigation Report ¶¶ 211-12 (on file with the Court)), which now carries a base offense level of 24, U.S.S.G. § 2D1.1(c)(8).

sentence "binds the court." *Id.* When a defendant is sentenced pursuant to a binding Rule 11(c)(1)(C) plea agreement, the court retains discretion to reduce the sentence under § 3582(c)(2) **only** if the "agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the [United States Sentencing] Commission." *Freeman v. United States*, 564 U.S. 522, 539 (2011) (Sotomayor, J., concurring).[2] For *Freeman* to apply, "[t]he plea agreement must do more than opaquely refer to concepts usually embodied in the Guidelines calculations." *United States v. Renfrow*, No. 15-3792, 2017 WL 781516, at *1 (8th Cir. Feb. 28, 2017). It must be "evident from the agreement itself, for purposes of § 3852(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on'" the applicable sentencing range. *Freeman*, 564 U.S. at 539.

The Court finds Heaton's amended plea agreement meets this standard. The initial agreement included a Guidelines calculation and an advisory Guidelines range, and selected a sentence within that range. (Final Approved Plea Agreement at 6-9.) The Court refused to accept the agreement, finding it incorrectly applied the Guidelines. The parties were then given an option to revise the plea agreement to reflect the correct Guidelines range and the sentence that the Court found was appropriate based on that range. Accordingly, the Court finds that the amended agreement was "based on" the

---

[2] Justice Sotomayor's concurring opinion in *Freeman* sets forth the controlling standard because there was no majority opinion and her opinion "concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976)); *see also United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012) ("It is Justice Sotomayor's concurring opinion in *Freeman* that is controlling and represents the holding of the Court.").

applicable Guidelines and that Heaton is eligible for reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2).

## II. AMENDED GUIDELINES RANGE AND U.S.S.G. § 5G1.3 ADJUSTMENT

Section 3582(c)(2) provides for sentence reductions "consistent with applicable policy statements issued by the Sentencing Commission." The policy statement applicable to reductions under § 3582(c)(2) is found in U.S.S.G. § 1B1.10. That policy statement directs the court to "determine the amended guideline range that would have been applicable" if the amendment had been in effect and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The policy statement also states "the court shall not reduce the defendant's term of imprisonment under [§] 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," unless the court previously imposed a term less than the Guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(A)-(B). Accordingly, in many cases, the Court may not reimpose a downward departure or variance to below the amended Guidelines range when considering a § 3582(c)(2) sentence reduction, even if it had done so at the initial sentencing. *See, e.g., United States v. Grant*, No. 12-4107, 2014 WL 6792766, at *2 (N.D. Iowa Dec. 2, 2014) ("Because the court imposed a term of imprisonment outside the guideline range applicable to the defendant at the time of sentencing as a result of a downward variance, the court is unable to reduce the defendant's sentence.").

The government argues that, applying § 1B1.10 of the Guidelines, the Court may not impose a sentence less than 110 months – the minimum of the amended Guidelines range, without taking into considering the 18-month adjustment Heaton received for his undischarged state term under § 5G1.3. However, at least one circuit court has found that courts must apply a § 5G1.3 adjustment when reducing a sentence under § 3582(c)(2). *See United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1337 (11th Cir. 2017). In that case, the Eleventh Circuit found an adjustment under § 5G1.3(b)(1) of the Guidelines was not a departure or a variance and that its mandatory nature and placement within the Guidelines suggested that it formed part of the defendant's Guidelines range. *Id.* at 1336-39.

Additionally, Eighth Circuit precedent supports the idea that an adjustment under § 5G1.3 is considered part of the Guidelines range, and thus it must be considered during a sentence reduction under § 3582(c)(2). In *United States v. Carter*, the district court found a Guidelines range of 84 to 105 months prior to consideration of a mandatory 24-month adjustment under § 5G1.3(b)(1). 652 F.3d 894, 896 (8th Cir. 2011). But, considering the defendant's extensive criminal history, the district court sentenced the defendant to 105 months, even after recognizing that § 5G1.3(b)(1) applied. *Id.* The defendant appealed, arguing that the court erred by failing to apply the mandatory adjustment under § 5G1.3(b)(1). *Id.* The Eighth Circuit affirmed, finding that the record showed the district court took the mandatory § 5G1.3(b) adjustment into account, but then varied upwards (due to the defendant's criminal history) to the top of the sentencing range prior to the adjustment. *Id.* at 896-97. Because the Eighth Circuit described the

105-month sentence as a "variance from the [G]uidelines," when the pre-adjustment Guidelines range was 84 to 105 months, it must have considered the Guidelines range to include the mandatory § 5G1.3(b)(1) adjustment. *Id.*; *cf. United States v. Tolliver*, 570 F.3d 1062, 1066 (8th Cir. 2009) (noting that a departure occurs when the court departs **from** the Guidelines range, not **to** the Guidelines range). Accordingly, the Court finds that a mandatory adjustment under § 5G1.3(b)(1) is not a variance or departure; instead, it forms part of a defendant's Guidelines range, and the Court must consider it upon a motion for a sentence reduction under § 3582(c).[3]

All records indicate that the Court credited Heaton for 18 months based on his undischarged state term under § 5G1.3(b), and thus, Heaton will receive that adjustment once again as part of determining his amended Guidelines range. But, the Court also granted Heaton a three-month **variance** based on his loss of good time, which would fall outside of the mandatory § 5G1.3(b) adjustment. Although the Court may consider the reasons for that variance in determining the proper sentence for Heaton after determining the applicable Guidelines range, the variance does not factor into the range within which the Court may sentence Heaton pursuant to § 3582(c)(2). The Court may therefore

---

[3] The Court acknowledges that this holding conflicts with dicta in a recent Eighth Circuit decision, *United States v. White*, 859 F.3d 569 (8th Cir. 2017). In that decision, the Eighth Circuit addressed whether a court could reimpose a departure under U.S.S.G. § 5K2.23 during a § 3582(c) sentence reduction and held only "that the court cannot reduce a defendant's term below the amended [G]uidelines range based on a downward departure for reasons other than substantial assistance." *Id.* at 572. The court went on to state that it would reach the same decision with regard to a § 5G1.3(b) reduction, *id.*; however, this discussion of § 5G1.3(b) was not necessary to the court's holding.

sentence Heaton anywhere within the amended Guidelines range after factoring in the § 5G1.3 adjustment, which the Court finds to be 92 months to 119 months.[4]

## III. STATUTORY SENTENCING FACTORS

Having determined that Heaton is eligible for a sentence reduction and the applicable Guidelines range, the Court must next examine the factors contained in 18 U.S.C. § 3553(a). *See* § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable.") The Court considers all of the statutory sentencing factors in reaching its decision. Among these, the Court finds paragraph "(3) the kinds of sentences available," paragraph "(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" to be particularly relevant. New defendants who commit the same crimes as Heaton will be sentenced based on the amended Guidelines, and therefore, it is appropriate to adjust Heaton's sentence to avoid the "unwarranted disparities" in sentencing that would result absent a sentence reduction. Furthermore, by reducing the offense level of Heaton's crime, the Sentencing Commission has shown a clear policy indicating that it is appropriate to subject defendants like Heaton to less severe sentences than those the Guidelines used to mandate. *See* § 3553(a)(5).

---

[4] This is based on a new base offense level of 24, U.S.S.G. § 2D1.1(c)(8), a 2-level increase for possession of a firearm, § 2D1.1(b)(1), a 3-level increase for aggravated role, § 3B1.1(b), a 3-level reduction for acceptance of responsibility, § 3E1.1, resulting in a total offense level of 26. With Heaton's criminal history category of V, Heaton's new initial Guidelines range is 110 to 137 months. Thus, after factoring Heaton's 18-month adjustment under § 5G1.3(b)(1), the Court may sentence Heaton within the range of 92 to 119 months.

In sum, because Heaton's plea agreement is based on the amended Guidelines, he is eligible for a sentence reduction under § 3582(c)(2). The Court will grant Heaton's motion to reduce his sentence. And, considering all statutory sentencing factors, the Court will reduce Heaton's sentence proportionately to six months higher than the bottom of his amended Guidelines range, resulting in a term of 98 months' imprisonment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Heaton's Motion to Reduce Sentence [Docket No. 1641] is **GRANTED**. Heaton's sentence of imprisonment is reduced from a total term of 115 months to a total term of 98 months.

**IT IS FURTHER ORDERED** that all other terms and conditions of the Amended Judgment in a Criminal Case [Docket No. 1374], dated April 29, 2014, will remain in full force and effect.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 13, 2017 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                       Chief Judge
                                United States District Court